UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

LOUIS ROBINSON                                CIVIL ACTION

VERSUS                                        NUMBER: 05-6646

MARLIN GUSMAN, ET AL.                         SECTION: "M"(5)


                         **ORDER AND REASONS**


    Presently before the Court is defendants' motion to dismiss newly added defendants and to strike jury trial. (Rec. doc. 58). Also pending is the Rule 12(b)(6) motion bought by the Medical Department of Orleans Parish Prison, to which there is no opposition. (Rec. doc. 59).

    For the following reasons, the motion to dismiss newly added defendants and to strike jury trial is GRANTED.

    Plaintiff's initial complaint, tendered to the Court on August 31, 2005,[1]/ instituted suit on the standard form utilized by

---

    [1]/ While the postmark on the envelope containing plaintiff's complaint shows a metered date of October 31, 2005, under a liberal interpretation of the "mailbox" rule, the Court will assume that plaintiff tendered his complaint to prison officials as of August

inmates to voice a claim pursuant to 42 U.S.C. § 1983. In that pleading, he named as defendants Sheriff Marlin Gusman, the Orleans Parish Prison Medical Department, the Prison Administration and the Security Department and/or their employees. (Rec. doc. 1).

That complaint sets forth a claim that plaintiff contracted tuberculosis while incarcerated in the Orleans Parish Prison due his being housed in a cell with another inmate in the jail who ultimately died of the disease.  Plaintiff averred that jail personnel knew or should have known that the now deceased inmate was infected with tuberculosis.  Attached to the complaint is an Administrative Remedy Procedure form ("ARP") filed by plaintiff wherein he states facts which implicate a policy and procedure claim, presumably against Sheriff Gusman, and a deliberate indifference and/or malpractice claim against unnamed individuals in the Medical Department.  In the "Relief Desired" section of the attached ARP, plaintiff seeks to "have more appropriate policy making decisions, practices and customs set into place regarding the treatment of inmates".  Additionally, he seeks "disciplinary action on such persons involved, as well as having a permanent record made of such employees action, which will be placed in their permanent employment records, **especially for medical employees"**.

---

31, 2005, the date he signed his pauper order request.

(Emphasis added).  Neither the ARP nor the complaint set forth specific facts as to the medical staff which give guidance as to the deliberate indifference or malpractice he takes issue with.

The only properly named defendant in this initial filing was Sheriff Marlin Gusman.  The other ostensibly named defendants are not legal entities capable of standing in judgment.  Although counsel for plaintiff has argued that Mr. Robinson initially named an incorrect defendant, i.e., the Medical Department, and that this was sufficient to place individuals who might later be named on notice of the claim, the Court notes that the naming of the Medical Department is akin to naming a "John Doe" defendant since that Department itself is neither a legal entity nor a state actor under 42 U.S.C. §1983.

In the current amended complaint filed herein, plaintiff now seeks to add as defendants various individuals who were associated with the Medical Department.  More specifically, plaintiff has sought to add Dr. R. Demaree Inglese, the former Medical Director of Orleans Parish Prison, Amanda Knudsen, Rodolphe Lafontant, Dr. Gary French and Dr. Caldwell, all alleged to have been employees of the medical program who allegedly owed a duty to plaintiff.  It appears obvious that, unless such an amendment can relate back to the original complaint filed by plaintiff, all claims against these individuals, either in their official or individual capacities, are

time-barred.  Clearly, more than one year from the date of plaintiff's stated injury has elapsed since plaintiff has attempted to name these individuals as defendants in this litigation.

At the time plaintiff sought to amend his petition, Rule 15 [c], Fed.R.Civ.P., provided as follows:

> [c] Relation Back of Amendments.  An amendment of a pleading relates back to the date of the original pleading when ...
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleadings, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. ...

The seminal case in the Fifth Circuit involving the appropriateness of amendments appears to be <u>Jacobsen v. Osborne</u>, 133 F. 3d 315 (5th Cir. 1998).  In that case, plaintiff mistakenly sued a police officer whom he thought, based upon a police report, was the officer who had arrested him.   When later discovery proved him incorrect, he sought to substitute the individual as defendant

who had by then been properly identified.  The Fifth Circuit held that, as to the officer newly named, "the proposed amendment is exactly the situation at which Rule 15(C)(3) is aimed: the misidentification of a defendant." Id. at 320.  Accordingly, the Court held that such an amendment was appropriate and related back to plaintiff's original filing.

In the present instance, however, plaintiff has not misidentified anyone.  Rather, plaintiff apparently did not know the names of the individuals he now seeks to add as defendants. This is not the situation which Rule 15 attempts to address.  In Jacobsen, supra, the Fifth Circuit noted that the majority of circuits have held that, "for a 'John Doe' defendant, there was no 'mistake' in identifying the correct defendant; rather, the problem was not being able to identify that defendant."  Id. at 321. Accordingly, plaintiff was not allowed to substitute recently identified individuals as defendants who had previously been referenced only as "John Doe".

Accordingly, this Court holds that the motion to dismiss and to strike jury trial should be GRANTED.  As plaintiff does not oppose the motion to dismiss brought by the Orleans Parish Medical Department, that motion will be GRANTED as well.  As noted hereinabove, the Medical Department is not a legal entity which can stand in judgment in any event.

New Orleans, Louisiana, this __1st__ day of ___February___, 2008.

```
                              _____
                                     ALMA L. CHASEZ
                              UNITED STATES MAGISTRATE JUDGE
```